The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner John Hedrick. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On 3 September 1992, the date of plaintiff's injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On that date, an employment relationship existed between plaintiff and defendant.
3. Defendant was self-insured.
4. Plaintiff's average weekly wage was $291.17, which yields a compensation rate of $194.11.
5. Plaintiff was temporarily totally disabled from 4 September 1992 through 4 October 1992 and from 20 November 1992 through 13 April 1993.
6. A set of plaintiff's medical records, marked collectively as Stipulated Exhibit Number Two, is stipulated into evidence.
7. A set of plaintiff's medical records from Theodore M. Pitts, M.D., which is partially duplicative of the records included in Stipulated Exhibit Number Two, are stipulated into evidence.
8. A set of plaintiff's medical records from James S. Fulghum, III, M.D., which is partially duplicative of the records included in Stipulated Exhibit Number Two, are stipulated into evidence.
9. A set of plaintiff's medical records from Tom S. Rand, M.D., which is partially duplicative of the records included in Stipulated Exhibit Number Two, is stipulated into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was forty-four years old, single and the father of two adult children. Plaintiff had an eighth grade education, but had returned to Wilson Technical College to learn to read and perform mathematics. Plaintiff had also received training as a bricklayer.
2. Plaintiff, who had been employed by defendant for approximately twelve years, was initially employed by defendant as a general laborer. On 3 September 1992, the date of the back injury giving rise to this claim, plaintiff was employed by defendant as a dump truck driver. On three occasions prior to that date, plaintiff had experienced back pain sufficiently severe to render him incapable of working for defendant for as long as one week.
3. On 3 September 1992, plaintiff sustained an injury to his back while entering his dump truck. As a result of his injury, plaintiff was temporarily totally disabled and received temporary total disability compensation from 4 September 1992 through 4 October 1992 and from 20 November 1992 through 13 April 1993. During this period, plaintiff was treated by Drs. Rand and Dameron and he completed a work hardening program which he attended five days per week for two months.
4. On 6 April 1993, Dr. Dameron released plaintiff to return to work for defendant as a truck driver. Dr. Dameron assessed plaintiff's back as having a five percent permanent partial disability.
5. Plaintiff continued seeking medical treatment for his back from Dr. Rand. On 6 September 1994, having determined that there was no additional beneficial treatment he could offer plaintiff, Dr. Rand released plaintiff from his care. Dr. Rand did not excuse plaintiff from work. On 6 October 1994, Dr. Rand assessed plaintiff's back as having a seven percent permanent partial disability.
6. Following his release by Dr. Rand, plaintiff sought and received treatment by Dr. Pitts. On 20 March 1995, Dr. Pitts released plaintiff from his care. Dr. Pitts and James S. Fulghum, M.D. concurred in the determination that plaintiff had a five percent permanent partial disability of his back.
7. From 13 April 1993 through the date of the hearing in this matter, plaintiff was capable of earning wages with defendant equal to or greater than the wages he earned before his injury on 3 September 1992.
8. As a result of his injury on 3 September 1992, plaintiff has a six percent permanent partial disability of his back.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 3 September 1992, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant. N.C. Gen. Stat. § 97-2(6).
2. As a result of his injury on 3 September 1993, plaintiff is entitled to payment of permanent partial disability compensation at the rate of $194.11 per week for eighteen weeks. N.C. Gen. Stat. § 97-31(23).
3. Plaintiff is entitled to payment of all medical expenses incurred, or to be incurred, by plaintiff as a result of his injury on 3 September 1992, for so long as such examinations, evaluations and treatments tend to effect a cure, give relief, or will lessen plaintiff's period of disability. N.C. Gen. Stat. §97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay plaintiff permanent partial disability compensation at the rate of $194.11 per week for eighteen weeks. This amount shall be paid in a lump sum, subject to the attorney's fee approved in paragraph 3.
2. Defendant shall pay all medical expenses incurred, or to be incurred, by plaintiff as a result of his injury on 3 September 1992, for so long as such examinations, evaluations and treatments tend to effect a cure, give relief, or will lessen plaintiff's period of disability.
3. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under paragraph 1 of this Award is approved for plaintiff's counsel and shall be paid as follows: twenty-five percent of the lump sum due plaintiff shall be deducted from that amount and paid directly to plaintiff's counsel.
4. Defendant shall pay the costs.
FOR THE FULL COMMISSION
 S/ ______________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ______________________________ THOMAS J. BOLCH COMMISSIONER
S/ ______________________________ DIANNE C. SELLERS COMMISSIONER
CMV/cnp/mj 1/19/96